# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Panjshir Kandahur Construction Co.  ) | ASBCA No. 60173 |
| ) | |
| Under Contract No. W91B4M-09-C-7221  ) | |

APPEARANCE FOR THE APPELLANT:    Mr. Ahmad Mir
                                 Vice President

APPEARANCES FOR THE GOVERNMENT:   Raymond M. Saunders, Esq.
                                  Army Chief Trial Attorney
                                  CPT Matthew A. Freeman, JA
                                  Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS
## ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

In this appeal, appellant Panjshir Kandahur Construction Co. (PKCC) seeks payment under an invoice for services it alleges it provided to the United States Department of the Army (Army). The Army moves to dismiss for lack of jurisdiction because PKCC never filed a claim for payment of that invoice with the contracting officer. For the reasons set forth below, we grant the Army's motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 20 June 2009 the Army awarded Contract No. W91B4M-09-C-7221 (contract), in the amount of $320,000, to PKCC for construction of site improvements at Forward Operating Base Naghlo, in Kabul Province, Afghanistan (R4, tab 1 at 2-4). By unilateral modification signed 15 October 2010, the Army terminated the contract for the convenience of the government (R4, tab 6).

2. By memorandum dated 17 June 2012, the Army determined that PKCC was entitled to receive payment for Invoice No. 004 in the amount of $71,793.92 for services the Army received and accepted on 21 April 2010 (R4, tab 7). The Army paid PKCC that amount on 16 January 2013 (R4, tab 9).

3. On 13 September 2015, PKCC filed a notice of appeal with the Board, along with two attachments. The notice of appeal reads as follows (punctuation and syntax in original):

> [I] m an AFG local company, in 2009 we finished a contract
> with the US GOV the contract agency was located in kabul in
> a military camp was named Phoenix contracting while they
> paid my invoice for 97% the remain 3% still due with them
> we found the camp has been transferred to AFGHAN GOV
> from 2009 till now we are in try to get with the PHOENIX we
> cannot be able to get with them we checked with others
> military contracting they had told they had terminated the
> contract
>
> since we have signed payment for 100% this is completely
> un fair and illegal we do not accept this decide we demand
> ours remain payment from the contracting
>
> from you we are kindly requesting to push any Gov link to
> pay us the remain fund

4. The first attachment to PKCC's notice of appeal is an invoice dated 17 April 2010 in the amount of $6,400, identified as Invoice No. 005 for Naghlo Forward Operating Base Site Improvement, stating that "[a]ll Project SOW facilities have been complted [sic] 100% completed Project ETT Naghlo[.]"

5. The second attachment to PKCC's notice of appeal is a DD Form 250, Material Inspection and Receiving Report, which references Invoice No. 005. The form indicates it is for "SITE IMPROVEMENT FB NAGHLO ETT PROJECT @ 98% partial payment request[.]" It sets forth a payment amount of $6,400 and lists a total contract amount of $320,000, with prior payment of $313,600. The form includes signatures of a purported authorized government representative indicating the items listed in the form were received and accepted on 21 April 2010.

6. On 12 November 2015 and 4 February 2016 the Board notified PKCC it was overdue in the submission of its complaint. PKCC responded by email dated 22 February 2016, again forwarding Invoice No. 005 and the DD Form 250. PKCC repeated the allegations contained in its notice of appeal, but this time included the following information (punctuation and syntax in original):

> [T]hat dd250 form that has signed officialy by US GOV
> authorized inspector called COR i had submitted the final pay
> package to the camp eggers financial office they was
> processed that after some times we found it had not processed
> may be lost at their system finally my remain amount on the
> final invoice didnt pay to me

2

DECISION

The Army moves to dismiss this appeal, arguing that the Board lacks jurisdiction because PKCC failed to submit a claim to the contracting officer (mot. at 3). PKCC bears the burden of proving the Board's subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988); *United Healthcare Partners, Inc.*, ASBCA No. 58123, 13 BCA ¶ 35,277 at 173,156. Pursuant to the Contract Disputes Act (CDA), "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." 41 U.S.C. § 7103(a)(1). Thus PKCC must prove that it submitted a claim for payment of Invoice No. 005 to the contracting officer in order to establish this Board's jurisdiction. *Id.*; *United Healthcare Partners*, 13 BCA ¶ 35,277 at 173,156-57.

Although the CDA itself does not define the term "claim," the Federal Acquisition Regulation (FAR) does:

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.... A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim. The submission may be converted to a claim, by written notice to the contracting officer as provided in 33.206(a), if it is disputed either as to liability or amount or is not acted upon in a reasonable time.

FAR 2.101.

PKCC has provided no documentation to establish that it submitted a claim for payment of Invoice No. 005 to the contracting officer (SOF ¶¶ 3-6), and did not file a response to the Army's motion to dismiss. Although in certain circumstances an invoice, once submitted to the contracting officer for payment, may be converted into a claim, *see* FAR 2.101, the record is devoid of any evidence that the Army ever received a copy of Invoice No. 005 prior to PKCC's filing of this appeal, much less a claim for payment of the invoice that comports with the requirements of FAR 2.101. Although PKCC's 22 February 2016 email to the Board alleges that it provided "the final pay package to the camp eggers financial office" (SOF ¶ 6), this allegation, taken as true, supports a finding that PKCC submitted a routine request for payment and not a claim. *See* FAR 2.101 ("A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim."). PKCC has therefore failed to meet its burden of establishing the Board's jurisdiction.

3

## CONCLUSION

The Army's motion to dismiss for lack of jurisdiction is granted. The appeal is dismissed without prejudice to PKCC submitting a claim that comports with the requirements of the CDA and FAR 2.101 to the contracting officer. The Army is requested to provide PKCC with contact information for the appropriate contracting officer to whom PKCC can submit such a claim.

Dated: 14 July 2016

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60173, Appeal of Panjshir Kandahur Construction Co., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4